IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shevelle Bell,                      )
                                    ) C/A No. 5:07-2862-MBS
            Plaintiff,              )
                                    )
     vs.                            )           **O R D E R**
                                    )
South Carolina State University,    )
                                    )
            Defendant.              )
_____)

Plaintiff Shevelle Bell, proceeding pro se, filed the within complaint on August 17, 2007, asserting that she had been terminated by her former employer, Defendant South Carolina state University, because of absences and partial disability related to cancer treatments. Plaintiff alleges violations of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Equal Pay Act.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On August 28, 2007, the Magistrate Judge issued an order directing Plaintiff to serve Defendant with a summons along with a copy of the complaint and all attachments thereto. (Entry 9) Plaintiff was informed that, pursuant to Fed. R. Civ. P. 4(m), she was required to serve Defendant within 120 days. Plaintiff was further informed that failure to timely serve Defendant would subject the complaint to dismissal.

On October 27, 2008, the within action was reassigned to United States Magistrate Judge Paige J. Gossett. On May 22, 2009, the Magistrate Judge issued an order granting Plaintiff a period of fifteen days, plus three days for mailing, to respond in writing showing good cause for her failure to timely serve Defendant. Plaintiff was cautioned that if she failed to respond to the order, her case was subject to dismissal under Rule 4(m). Plaintiff filed no response to the Magistrate Judge's order.

Accordingly, on July 7, 2009, the Magistrate Judge issued a Report and Recommendation wherein she recommended that the case be dismissed with prejudice pursuant to Rule 4(m) or, in the alternative, for failure to prosecute pursuant to Rule 41(b).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge to the extent that she recommends the complaint be dismissed pursuant to Rule 4(m). The dismissal is *without prejudice.*

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 11, 2009.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**